67 P.(2d) 505

## WESTERN LIVE STOCK v. BUREAU OF REVENUE et al.

### No. 4310.

Supreme Court of New Mexico.

May 10, 1937.

For former opinion, see 41 N.M. 141, 65 P.(2d) 863.

D. A. Macpherson, Jr., of Albuquerque, for appellants.

Frank H. Patton, Atty. Gen., for appellees.

PER CURIAM.

This is the second appeal of this case. For the facts see our former opinion, Western Live Stock v. Bureau of Revenue, 41 N.M. 141, 65 P.(2d) 863. Broadly, but a single issue was presented on the former appeal, namely, whether chapter 7, N.M.Session Laws of 1934 (Special Session), in its application to plaintiffs, operates as an unconstitutional burden on interstate commerce. We held that it does not, reversing the judgment in plaintiffs' favor by the district court of Santa Fe county, and remanded the cause to said court with directions to set aside its judgment and to sustain defendants' demurrer. "Interstate commerce" was put into the case through plaintiffs' claim that advertising contracts between them and out of state advertisers, and certain acts incident to performance of such contracts, constitute interstate transactions.

The district court of Santa Fe county, following the directions of our mandate, duly entered an order sustaining defendants' demurrer. Thereupon plaintiffs filed a written declaration of inability to amend and of refusal to plead further. The district court then rendered judgment against the plaintiffs, dismissing their complaint with prejudice. They seek a review of that judgment by this appeal.

The matter is before us upon the former record and a new transcript supplementing same, showing the proceedings subsequent to mandate. The parties have stipulated that the briefs filed by counsel for the respective parties on the former appeal shall be considered by the court as their briefs on this appeal. We thus have before us the same question, presented on

'the same record (with the addition of the above-mentioned proceedings subsequent to mandate contained in the new transcript) and the same briefs. Obviously, the issue thus presented is ruled and foreclosed by our decision on the former appeal. It follows that the judgment of the district court must be affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, 'BRICE, and ZINN, JJ., concur.

BICKLEY, J., being absent, did not participate.